```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VINCENT MASINO, KEITH LOSCALZO, FRANCISCO
FERNANDEZ, ANTHONY FASULO, DAVID
DeLUCIA, and JIM KILKENNY, as Trustees and
Fiduciaries of the PAVERS AND ROAD BUILDERS
DISTRICT COUNCIL WELFARE, PENSION, ANNUITY
AND APPRENTICESHIP, SKILL IMPROVEMENT
and TRAINING FUNDS,

                           Plaintiffs,
                                                    REPORT &
            -against-                               RECOMMENDATION

ARCHITECTURAL PAVERS CORP.,                         09-CV-2213 (DLI) (RER)

                           Defendant.
----------------------------------------------------------------X
```

**RAMON E. REYES, JR., U.S.M.J.:**

## Introduction

Plaintiffs Vincent Masino, Keith Loscalzo, Francisco Fernandez, Anthony Fasulo, David DeLucia, and Jim Kilkenny, as trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (collectively, the "Benefit Funds"), bring this action against Architectural Pavers Corp. ("Architectural"), alleging that Architectural violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, *et seq.,* by failing to make its required contributions to the Benefit Funds.

In light of Architectural's failure to appear in or otherwise defend this action, the Benefit Funds moved for default judgment on July 13, 2009. Docket Entry 5. In support of their motion, the Benefit Funds submitted a declaration of their attorney, Judy Wong, Esq. ("Wong Decl."), their accountants' audit report, and the counsel's time records. *Id.* On July 14, 2009,

the Clerk of the Court noted Architectural's default pursuant to Fed. R. Civ. P. 55(a). Docket Entry 7. The Honorable Dora L. Irizarry then referred this case to me for a report and recommendation on the issue of damages and attorneys' fees. *Id*.

For the reasons below, I respectfully recommend that a default judgment be entered against Architectural in the amount of $18,990.50.

## Facts

The Benefit Funds are multiemployer employee benefit trust funds within the meaning of ERISA. Compl. ¶ 1; Wong Decl. ¶ 2; *see also* Employee Retirement Income Security Act of 1974 § 3(3), (37)(A), 29 U.S.C. § 1002(3), (37)(A) (2003). "The Benefit Funds provide welfare, pension, and annuity benefits to members of the Highway, Road and Street Construction Laborers Local Union 1010 . . . and/or the Sheet Asphalt Workers Local Union No. 1018. . . , which are members of the Pavers and Road Builders District Council" (collectively, the "Union"). Compl. ¶ 4. The Union entered into a collective bargaining agreement (the "CBA") with various employers within the paving industry, including Architectural. *Id.* ¶ 5. Under the CBA, Architectural is obligated to pay fringe benefit contributions to the Benefit Funds for all work performed by Architectural's employee pavers and road builders within the trade and geographical jurisdictions of the Union. *Id.*; Wong Decl. ¶ 3. The Benefit Funds allege that, based on the results of their accountants' audit of Architectural's payroll checks, Architectural has failed to make payments in the amount of $10,386.08 for the time period of August 2005 through December 2005. Compl. ¶ 11; Wong Decl. ¶¶ 5, 8, Ex. A. Under the terms of the CBA, Architectural bears the cost of any audit that reveals unreported or delinquent contributions and is obligated to pay attorneys' fees in an action to recover such contributions. Compl. ¶¶ 9, 17. Wong Decl. ¶ 4.

On May 27, 2009, the Benefit Plans filed this action to recover the unpaid contributions, accrued interest, liquidated damages, audit fees, and attorneys' fees and costs. Docket Entry 1. On June 8, 2009, the Benefit Funds served Architectural, a New York corporation, with summons and complaint pursuant to Section 306 of the New York Business Corporation Law. Docket Entry 3; *see also* N.Y. Bus. Corp. Law § 306(b) (1) (McKinney 2003) (authorizing service of process on the New York Secretary of State as an agent of a domestic corporation). Architectural has failed to answer or otherwise appear in this action. On July 13, 2009, the Benefit Funds moved for a default judgment. Docket Entry 5. On July 28, 2009, the Court directed the parties to file their damages calculations by August 24, 2009. Docket Entry 7. Architectural has neither opposed the Benefit Funds' motion nor submitted its damages calculations.

## Discussion

A.  Liability

A party's default is deemed to constitute an admission of all well-pleaded factual allegations of liability set forth in the complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). In this case, the Benefit Funds contend that Architectural violated Section 515 of ERISA, which provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement.

3

29 U.S.C. § 1145.[1] The Benefit Funds allege that Architectural is a party to the CBA, under which Architectural is obligated to make contributions to the Benefit Funds, and that Architectural has failed to make such contributions. Compl. ¶¶ 5–11; Wong Decl. ¶¶ 3, 4. Thus, the plaintiffs have established the elements of liability required to state a violation of Section 515 of ERISA.

B.  Damages

The defendant's default is not deemed to constitute an admission of allegations relating to damages, and the plaintiff has to prove them. *See Greyhound Exhibitgroup*, 973 F.2d at 158. To ensure that there is a basis for the damages specified in a default judgment, the Court may, in its discretion, conduct a hearing or rely on affidavits or other documentary evidence. *See* Fed. R. Civ. P. 55(b) (2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991)*; Fustok v. Anticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Here, the Benefit Plans have submitted evidentiary support for their claims in the form of their counsel's declaration and time records and their accountants' audit report. Docket Entry 5. Architectural, in turn, has not appeared in the case. As such, a hearing in this case is not warranted, and the Court will determine damages based on the documentary evidence provided by the Benefit Funds.

A plaintiff who has established liability under Section 515 of ERISA is entitled to an award of (1) unpaid contributions, (2) interest on the unpaid contributions, (3) liquidated damages, (4) reasonable attorneys' fees and costs, and (5) such other legal and equitable relief as the Court may deem appropriate. 29 U.S.C. § 1132(g) (2). In this case, the Benefit Funds seek

---

[1] A plan member's contractual duty to make contributions pursuant to Section 515 of ERISA is enforceable in accordance with Section 502, under which a plan fiduciary can bring a civil action to enforce the provisions of the plan or obtain equitable relief. *See* 29 U.S.C. §§ 1132(a) (3) (B) (ii), 1132(d) (1); LaBarbera v. David Liepper & Sons, Inc., No. 06-CV-1371, 2006 WL 2423420, at *3 (E.D.N.Y. July 6, 2006).

an award of $18,990.50, which consists of (1) $10,386.08 in unpaid contributions, (2) $3,935.85 in interest on the unpaid contributions, (3) $2,077.22 in liquidated damages, (4) $1,871.35 in attorneys' fees and costs, and (5) $720.00 in audit fees. Compl. ¶¶ 14–26; Wong Decl. ¶¶ 8–17.

With respect to the unpaid contributions, the Benefit Funds seek to recover $10,386.08 in connection with work that Architectural's employees performed during the period of August through December 2005. Compl. ¶ 11; Wong Decl. ¶¶ 5, 8. This amount is based on the audit of Architectural's payroll checks conducted by the Benefit Funds' accountants, Battaglia, Avellino & Co., P.C. Wong Decl., Ex. A. The Benefit Funds have produced a copy of the report. *Id.* Under the CBA, interest on unpaid contributions accrues at an annual rate of ten percent, which in this case, where the principal delinquency is $10,386.08, yields $2.85 per day. Compl. ¶ 16; Wong Decl. ¶ 9. From October 1, 2005, the mid-point of the delinquency,[2] through the date of the Wong Decl., July 13, 2009, there are 1,381 days. Wong Decl. ¶ 9. $2.85 per day multiplied by 1,381 days yields a total interest of $3,935.85. *Id.* Accordingly, I respectfully recommend that the Benefit Funds be awarded $10,386.08 in unpaid contributions and $3,935.85 in accrued interest.

As for liquidated damages, Section 502(g) (2) (C) of ERISA provides for an award of such damages equal to the greater of: (1) the interest on the unpaid contributions, or (2) the amount of liquidated damages provided for under the plan not exceeding twenty percent of the unpaid contributions. 29 U.S.C. § 1132(g) (2) (C). Here, the CBA provides for liquidated damages equal to twenty percent of the unpaid contributions. Compl. ¶ 18; Wong Decl. ¶ 10.

---

[2] Under N.Y. C.P.L.R. § 5001(b), when damages are incurred over a period of time, interest can be computed from a "single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b) (McKinney 2007); Tr. of Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holidays, Trade Educ. Fund and 401(k) Sav. Plan v. Generation II Plumbing & Heating, No. 07–CV–5150, 2009 WL 3188303, at *3 (E.D.N.Y. Oct. 1, 2009).

5

The Benefit Funds seek $2,077.22 in liquidated damages, which represents twenty percent of the $10,368.08 in unpaid contributions. Compl. ¶ 19; Wong Decl. ¶ 10. As such, I respectfully recommend that the Benefit Funds be awarded $2,077.22 in liquidated damages.

The Benefit Funds also seek to recover $1,439.00 in attorneys' fees and $422.35 in costs. Wong Decl. ¶¶ 13–15. Under the CBA, if the Benefit Funds employ an attorney to collect unpaid contributions, Architectural is obligated to pay the attorneys' fees. Compl. ¶ 17; Wong Decl. ¶ 4. Moreover, under Section 502(g) (2) (D) of ERISA, an award of reasonable attorneys' fees and costs is mandatory in an action where the plaintiff seeking to recover delinquent contributions prevails. 29 U.S.C. § 1132(g) (2) (D); *Morin v. Nu-Way Plastering, Inc.*, No. 03-CV-405, 2005 WL 3470371, at *1 (E.D.N.Y. Dec. 19, 2005).

To determine whether attorneys' fees are reasonable, the Second Circuit uses the "presumptively reasonable fee," which equals a reasonable hourly rate multiplied by a reasonable number of expended hours. *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117–18 (2d Cir. 2008)*; Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008). The Court has broad discretion in determining the reasonable fee and generally looks to the prevailing market hourly rates in the applicable district. *Luciano v. Olsten Corp.*, 109 F.3d 111, 115–16 (2d Cir. 1997). "Courts in this District have awarded $200-$375 per hour for partners, $200-$250 per hour for senior associates and $75 per hour for paralegals." *Jacobson v. Peterbilt Elec. Contracting, Inc.*, 553 F. Supp. 2d 211, 216 (E.D.N.Y. 2008) (providing an overview of case law on reasonable hourly rates).

In calculating the number of reasonable hours, the district court looks to the facts and complexity of the case, and takes into account the court's experience with the case. *Clarke v.*

*Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (citations omitted).  The hours expended should be examined "with a view to the value of the work product of the specific expenditures to the client's case."  *Tr. of the Road Carriers Local 707 Welfare Fund v. Goldberg*, No. 08-CV-0884, 2009 WL 3497493, at *9 (E.D.N.Y. Oct. 28, 2009) (citations omitted).  Ultimately, the party seeking attorneys' fees has to prove that the fees are reasonable and produce contemporaneous time records showing the dates, hours expended, and nature of work performed by each attorney.  *N. Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (1983); *Morin,* 2005 WL 3470371, at *2–3.

In support of their request for attorneys' fees, the Benefit Funds have submitted their counsel's declaration accompanied by contemporaneous time records identifying the dates, rates, hours spent, and work performed by each legal professional.  Wong Decl. ¶¶ 11–15, Ex. B.  The Benefit Funds' law firm has charged $175.00 per hour for Judy Wong, Esq., an associate with at least nine years of ERISA and labor law experience, and $80.00 per hour for Ms. Clara Ra, a legal assistant.  Wong Decl. ¶ 13.  These rates are in line with the rates that have been found reasonable in the Eastern District.

The plaintiffs' law firm has billed for 9.20 hours, including 7.4 hours of attorney's work and 1.8 hours of legal assistant's work.  Wong Decl., Ex. B.  The counsel expended these hours on initiating the case, effectuating the service of process, and corresponding with the defendant, the Court, and the U.S. Treasury and Labor Departments.  *Id.*  Based on my review of the case, I find this amount of hours and the total charge of $1,439.00 for prosecuting this case reasonable.  *See, e.g., LaBarbera v. Fed. Metal & Glass Corp.*, No. 07-CV-3043, 2009 WL 3461880, at *10 (E.D.N.Y. Oct. 27, 2009) (awarding $2,464.00 in attorneys' fees, corresponding to 8.8 hours of

work at $280 per hour, in an ERISA action to recover unpaid contributions, which involved a default judgment and damages inquest); *LaBarbera v. David Liepper & Sons, Inc.*, No. 06-CV-1371, 2006 WL 2423420, at *5 (E.D.N.Y. July 6, 2006) (awarding $3,365.81 in attorneys' fees for 17.17 hours of work on an ERISA case to recover unpaid contributions, which involved a default judgment and damages inquest).

I also find reasonable the $422.35 in costs, which consists of the $350.00 court filing fee and $82.35 in expenses associated with service of process and shipping. Wong Decl. ¶ 14. In a successful action to recover delinquent contributions, an award of reasonable costs is mandatory, and courts generally award the plaintiff "[r]easonable and identifiable out-of-pocket disbursements ordinarily charged to clients." *Goldberg*, 2009 WL 3497493, at *10; *see also* 29 U.S.C. § 1132(g) (2) (D). The Eastern District has found the court filing fee and expenses associated with service of process and postage reasonable. *See, e.g., David Liepper & Sons*, 2006 WL 2423420, at *5. Therefore, I recommend that the plaintiffs be awarded, as requested, the attorneys' fees and costs for a total of $1,871.35.

The Benefit Plans also seek to recover $720.00 in audit fees. Compl. ¶ 11; Wong Decl. ¶ 8. The Court may award audit fees under Section 502(g) (2) (E) of ERISA, which provides for "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g) (2) (E); *Fed. Metal & Glass Corp.,* 2009 WL 3461880, at *8; *Martone v. HST Roofing, Inc.*, No. 03-CV-3640, 2007 WL 595054, at *4 (E.D.N.Y. Feb. 22, 2007). Under the CBA, Architectural is liable for the cost of any audit that reveals unreported and delinquent contributions. Compl. ¶ 9; Wong Decl. ¶ 4. A copy of the audit report that establishes Architectural's delinquency shows the charge of $720.00 in audit fees by the Benefit Funds' accountants. Wong Decl., Ex. A. Thus, I recommend that the Benefit Plans be awarded the audit fees of $720.00.

In the Complaint, the Benefit Funds requested an award of "additional amounts to be

determined by the Court." Compl. ¶ 26. The Benefit Funds neither specified such amounts in later submissions nor explicitly requested damages accrued during the pendency of the claim. *See* Wong Decl. District courts have discretion in awarding ERISA damages accrued during the pendency of an ERISA action when the plaintiff explicitly requests such damages. *Ames v. Stat Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005). However, here, the Benefit Funds did not explicitly request the damages accrued during the pendency of the claim, and I respectfully recommend that they not be awarded any additional amounts.

## Conclusion

For the foregoing reasons, I respectfully recommend that default judgment be entered against defendant Architectural in the amount of $18,990.50, comprised of (1) $10,386.08 in unpaid contributions, (2) $3,935.85 in accrued interest, (3) $2,077.22 in liquidated damages, (4) $1,871.35 in attorneys' fees and costs, and (5) $720.00 in audit fees. Any objections to the recommendations made in this Report & Recommendation ("R&R") must be filed with the Clerk of the Court and the Chambers of the Honorable Dora L. Irizarry within ten days of receiving this R&R. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b) (1) (C); Fed. R. Civ. P. 6(a), 6(e), 72; *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve copies of this R&R upon Architectural at its last known address, and to file proof of service with the Clerk of the Court.

Dated: Brooklyn, New York
     December 2, 2009

                                                Ramon E. Reyes, Jr.
                                                Ramon E. Reyes, Jr.
                                                United States Magistrate Judge